IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIUS D. ERVING,
No. R-74685,

                Petitioner,

vs.                                                CIVIL NO. 15-CV-00394-DRH

GODINEZ,

                Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Julius D. Erving, and inmate serving a four-year sentence for unlawful delivery of a controlled substance, is currently housed at Pontiac Correctional Center, which is located in the federal judicial district for central Illinois. According to the Illinois Department of Corrections' public website, petitioner Erving is slated to be released on parole in March 2016 (*see* http://www.illinois.gov/idoc/OFFENDER/Pages/InmateSearch.aspx).

    Erving is before the Court pursuant to 28 U.S.C. § 2254, challenging the revocation of good conduct credits ("GCC") for disciplinary infractions while he was housed at Pinckneyville Correctional Center, which is located within this judicial district. He seeks restoration of 990 days of lost good conduct credit, along with the reversal of other associated penalties, such as time in segregation. He also contends the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* has been violated because he is bipolar.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## Analysis

Petitioner Erving contends that he lost 990 days of good conduct credit after he was convicted of multiple disciplinary infractions at Pinckneyville Correctional Center.  According to the petition, with respect to the "majority" of the offenses, Erving was not given advance notice and the opportunity to call witnesses and present evidence—he was not even at many of the disciplinary hearings.[1]  Erving asserts that the disciplinary tickets were "unethical" and retaliatory, without "probable cause," and not supported by any evidence.  As a result of the disciplinary convictions, he has lost good conduct credits (thereby extending his sentence), and has been placed in segregation and solitary confinement—all of which Erving characterizes as being "unfair" and in violation of prison policies.  It also appears that petitioner Erving considers his being held in solitary confinement to be a violation of Title II of the ADA, because he is bipolar.  Erving seeks immediate release from solitary and/or prison.

---

[1] The petition suggests that Erving may not appreciate the difference between the original disciplinary hearing and subsequent administrative review proceedings, but those distinctions need not be addressed at this early juncture.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Section 2254 may be used to present a Fourteenth Amendment Due Process Clause challenge to a disciplinary hearing where good conduct credits were revoked. *See*, e.g., *Austin v. Pazera*, 779 F.3d 437 (7th Cir. 2015).

A habeas corpus petition, however, is not appropriate for asserting constitutional challenges to the conditions of one's confinement. *Preiser*, 411 U.S. at 499. Accordingly, Erving's claims regarding being placed in segregation and solitary confinement, and his ADA claims, and any claims that, for example, a particular guard acted in retaliation, cannot proceed in this Section 2254 action. Instead, those claims must be brought in a civil rights action pursuant to 42 U.S.C. § 1983. *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991). Those civil rights/conditions of confinement/ADA aspects of the petition, therefore, will be dismissed without prejudice to those claims being asserted in a separate action.[2]

Although the petition may proceed relative to the revocation of good conduct credits without due process, Illinois Department of Corrections Director

---

[2] A civil rights damages remedy that would necessarily undercut the legality of confinement (the revocation of good conduct credits) is not available unless and until the disciplinary conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Godinez is not the proper respondent. The proper respondent is the warden of the facility where the prisoner is being held. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. In recognition of Petitioner's *pro se* status, and in the interest of justice and judicial economy, the warden of Pontiac Correctional Center, Randy Pfister, will be substituted *sua sponte* as the respondent to Erving's petition. Warden Pfister will be required to respond or otherwise plead.

### Disposition

**IT IS HEREBY ORDERED** that the Clerk of Court shall **SUBSTITUTE WARDEN RANDY PFISTER for Respondent GODINEZ**, terminating **GODINEZ** from this action. This action shall be captioned *Julius D. Erving v. Warden Randy Pfister*, until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that all civil rights claims, conditions of confinement claims, and claims under the Americans with Disabilities Act are **DISMISSED without prejudice** to such claims being brought in a separate action. Only the allegations regarding Petitioner being denied due process relative to the revocation of good conduct credits shall **PROCEED**.

**IT IS FURTHER ORDERED** that Respondent **WARDEN RANDY PFISTER** shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau,

100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

The Court notes, as should Petitioner and Respondent, that Petitioner, who has been denied pauper status, has yet to pay the required $5.00 filing fee. The deadline for payment is May 18, 2015 (Doc. 5), and failure to pay will likely result in the dismissal of the petition,

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**April 30, 2015**

Digitally signed by David R. Herndon
Date: 2015.04.30 11:30:58 -05'00'

**United States District Court**