IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIUS D. ERVING,

        Petitioner,

vs.                                           Civil No.  15-cv-394-DRH-CJP

WARDEN RANDY PFISTER,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Julius D. Erving is an inmate in the custody of the Illinois Department of Corrections.  He filed a petition for habeas relief pursuant to §2254 (Doc. 1).  As construed on preliminary review, the petition alleges that prison disciplinary proceedings which resulted in the loss of good conduct credit violated petitioner's Fourteenth Amendment Due Process rights (Doc. 6).

This matter is now before the Court on respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (Doc. 11).  Petitioner filed a response to the motion (Doc. 14).  In addition, petitioner filed a number of exhibits (Doc. 19).

## Relevant Facts

According to the petition, Erving pleaded guilty to two counts of "unlawful delivery of cocaine substance" in Stephenson County, Illinois, in 2013.  He was sentenced to four years imprisonment.

Erving has been issued a number of disciplinary tickets while in prison, which have resulted in the revocation of good conduct credit.  Petitioner's

response to the motion indicates that he lost nine months of good conduct time (Doc. 14). He alleges that the various disciplinary proceedings were constitutionally defective in a number of respects, including that he was not given notice of hearings, he was not allowed to present a defense, and there was no evidence to support the charges.

### Applicable Legal Standards

**1.  Law Applicable to §2254 Petition**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA.  "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* simply another round of appellate review of a state court decision.  28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

**2.  The Exhaustion Requirement**

28 U.S.C.A. § 2254(b)(1) requires that state judicial remedies be exhausted

before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999); see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, petitioners such as Erving must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 1732-1733.

## Analysis

Erving's petition must be dismissed for failure to exhaust state judicial remedies.

Before filing a federal habeas petition challenging prison discipline, an Illinois prisoner must first "exhaust[ ][his] internal administrative remedies" through the prison administrative process. *McAtee v. Cowan*, 250 F.3d 506, 508–509 (7th Cir. 2001). If unsuccessful, he must then exhaust state court

3

remedies by filing "a complaint for an order of mandamus from an Illinois circuit court." *Id.* Further, if he loses at the circuit court stage, he "must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court," to fully exhaust his state remedies. *Id.*

In his response to the motion, petitioner argues forcefully that he exhausted administrative remedies by using the prison's grievance system. He does not, however, claim to have exhausted state court remedies. Petitioner's numerous exhibits relate to exhaustion of administrative remedies, not state court remedies.[1]

Erving does not claim in his petition to have filed a state court challenge to the loss of his good conduct credits. Respondent asserts in his motion that he has searched the state court records for the county where Erving was convicted (Stephenson) and where he is incarcerated (Livingston), and has not located any such case filed by petitioner.

It is clear that petitioner has not exhausted state judicial remedies. He has not argued that exhaustion is excused because of §2254(b)(1)(B). Such an argument would be futile in any event. There is an available state corrective process, i.e., a mandamus proceeding. See, *McAtee, supra; Johnson v. McGinnis*, 734 F.2d 1193, 1200 (7th Cir. 1984). And, there is no indication that an Illinois mandamus proceeding would be ineffective to protect his rights.

---

[1] This Court has not determined whether petitioner properly exhausted administrative remedies, as that issue is not dispositive here.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, *Ibid.*

Here, no reasonable jurist would find it debatable whether this Court's ruling on failure to exhaust state judicial remedies was correct. Accordingly, the Court denies a certificate of appealability.

### Conclusion

Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies **(Doc. 11)** is **GRANTED**. This cause of action is **DISMISSED**

5

**WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: July 23, 2015**

Digitally signed by David R. Herndon
Date: 2015.07.23 14:34:08 -05'00'

**United States District Judge**